# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

JEFFREY J. FRANKLIN,

    Defendant-Movant.

Civ. No. 18-1057 JAP-SCY
Cr. No. 14-3922 JAP

## MEMORANDUM OPINION AND ORDER

On the November 13, 2018, Movant Jeffrey J. Franklin filed a MOTION TO STAY, HOLD ABEYANCE, ABEYANT UNTIL U.S. COURT RESOLVES DIMAYA CASE (CV Doc. 1; CR Doc. 54). The Court recharacterized that motion as a first 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence under *Castro v. United States*, 540 U.S. 375, 383 (2003), and granted Movant leave to amend. *See* ORDER (CV Doc. 2). On December 12, 2018, Movant filed an AMENDED MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY ("Motion") (CV Doc. 3; CR Doc. 57). Movant seeks release from incarceration under the Supreme Court's ruling in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). At the request of the Court, the United States filed UNITED STATES' RESPONSE TO AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (CV DOC. 3) ("Response") (CV Doc. 6). The Court concludes that Movant is not entitled to relief and will dismiss the Motion.

### BACKGROUND

On November 19, 2014, a federal grand jury returned a seven-count indictment against Movant. *See* REDACTED INDICTMENT (CR Doc. 12). In a Rule 11(c)(1)(C) plea agreement,

Movant pleaded guilty to a single count—Count 6, possessing, carrying, and using a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(iii). *See* PLEA AGREEMENT (CR Doc. 41 at 2–4). The underlying offense was assault with a dangerous weapon with intent to do bodily harm under 18 U.S.C. § 113(a)(3). As part of the plea agreement, Movant also waived his rights to directly appeal or collaterally attack his sentence except on ineffective assistance of counsel grounds. *Id.* at 7. At sentencing, the Court imposed on Movant a sentence of 120-months' imprisonment and three years' supervised release. *See* SENTENCING MINUTE SHEET (CR Doc. 46). Following the entry of judgment, the United States moved to dismiss the remaining counts against Movant. *See* MOTION TO DISMISS COUNTS 1, 2, 3, 4, 5, AND 7 OF THE INDICTMENT (CR Doc. 48). The Court granted that motion. *See* ORDER TO DISMISS COUNTS 1, 2, 3, 4, 5, AND 7 OF THE INDICTMENT (CR. Doc. 49). Movant now seeks relief from his conviction based solely on the Supreme Court's decision in *Dimaya*. *See* Mot. at 4.

DISCUSSION

1. The Motion is untimely

Initially, the Court notes that the Motion is untimely and will be denied. Under 28 U.S.C. § 2255(f), a movant has a one-year period in which to file a § 2255 motion. The one year begins to run from the latest of

1) the date on which the judgment of conviction becomes final;
2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The Court finds that (2)–(4) are inapplicable here. Movant has made no suggestion that the United States has somehow hindered his ability to file a timely motion. Further, as discussed below, the right which Movant has asserted has not been recognized by the Supreme Court. Finally, Movant's § 2255 Motion is not based on the discovery of new facts. Indeed, Movant's only basis for seeking habeas corpus relief is the Supreme Court's holding in *Dimaya*. Accordingly, the limitations period for Movant's § 2255 Motion began to run on the date final judgment was entered. *See id.* The Court entered judgment on November 5, 2015. *See* JUDGMENT IN A CRIMINAL CASE (CR Doc. 47). Thus, Movant had until November 5, 2016, to file a § 2255 motion. Because Movant did not file his initial motion, which the Court construed as a § 2255 motion, until November 13, 2018, his motion is untimely.

2. Movant's plea agreement waives his ability to bring this collateral attack

Even assuming that the Motion was timely filed, the Court further concludes that Movant entered a valid plea agreement, which precludes his collateral attack. The Tenth Circuit employs a three-part test to determine if a post-conviction waiver is enforceable: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

(a) Scope of the waiver

In determining the scope of an appellate or post-conviction waiver, the Court must "strictly construe [] the scope of an appellate waiver in favor of the defendant" and evaluate the waiver "in light of the defendant's reasonable understanding at the time of the guilty plea." *United States v. Novosel*, 481 F.3d 1288, 1291 n.1 (10th Cir. 2007). In his Rule 11(c)(1)(C) plea agreement, Movant

agreed to waive "any collateral attack to the Defendant's conviction(s) . . . except on the issue of defense counsel's ineffective assistance." Plea Agreement at 7. Movant's collateral attack under *Dimaya* does not implicate the assistance of counsel. This challenge, therefore, is within the waiver language of "any collateral attack" other than ineffective assistance of counsel. Movant does not contend, nor is there anything in the record that would indicate, that he did not understand the scope of the waiver at the time he entered into the Plea Agreement. The Court concludes that the issue of eligibility for relief under *Dimaya* is within the scope of the waiver language contained in Movant's plea agreement.

(b) Knowing and Voluntary

In order to determine the enforceability of the waiver, the Court must consider whether the waiver was knowing and voluntary. *Hahn*, 359 F.3d at 1325. *Hahn* requires the examination of two factors in considering whether a defendant knowingly and voluntarily agreed to an appellate and post-conviction waiver. First, the court looks to "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily." *Id*. Second, the acceptance of the guilty plea must be the result of an adequate colloquy between the Court and the defendant under Rule 11. *Id.*

Movant's plea agreement expressly states that the plea "is freely and voluntarily made and is not the result of force, threats, or promises . . . ." Plea Agreement at 8. The Plea Agreement also states that Movant is knowingly waiving his jury trial and appeal rights. *Id*. at 1–2. The plea agreement further sets out Movant's understanding of his rights, the statutory mandatory minimum penalty that could be imposed, and the factual basis of his plea. *Id*. at 2–4. The language indicates that the plea and waiver is knowing and voluntary. The record also reflects an adequate colloquy

4

between Movant and the Court. *See* PLEA HEARING TRANSCRIPT (CR Doc. 59). The Court asked Movant and his attorney whether they had discussed the waiver of appellate rights contained in the plea agreement. *Id.* at 10:2–13. Counsel for Movant explained that they had discussed that Movant would give up his right to appeal with an exception for ineffective assistance of counsel claims. *Id.* at 10:14–18. Movant also responded that he understood the appellate rights that he was giving up and that he was willing to give up those rights. *Id.* at 10: 19–24. The Court found that Movant fully understood the charges and the consequences of entry into the plea agreement, and that the plea was freely, voluntarily, and intelligently made. *Id.* at 14:6–12. A defendant "has the burden to present evidence from the record establishing that he did not understand the waiver." *United States v. Edgar*, 348 F.3d 867, 872–73 (10th Cir. 2003). Movant has not provided any evidence to the contrary. The Court can conclude that Movant entered the agreement knowingly and voluntarily.

(c) Miscarriage of Justice

To determine the last factor of waiver enforceability, defendant bears the burden of persuasion to show that a miscarriage of justice will occur if the waiver is enforced. *See United States v. Maldonado*, 410 F.3d 1231, 1233–34 (10th Cir. 2005). A miscarriage of justice may result "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (quoting *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)) (brackets in original). Movant has not argued that enforcement of his waiver will result in the miscarriage of justice. Even on an independent review, the record would not support such a

conclusion. First, the record does not indicate that the Court relied on any impermissible factor. Second, the record does not disclose any question of ineffective assistance of counsel in connection with negotiation of the waiver. Third, the sentence imposed on Movant did not exceed the statutory maximum—indeed, the Court sentenced Movant to the statutory minimum under 18 U.S.C. § 924(c)(1)(A)(iii). Fourth, in order for a waiver to be "otherwise unlawful," any error in the waiver must seriously affect the fairness, integrity or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732 (1993). This factor focuses on the fairness of the proceedings, rather than result of the proceedings. *See United States v. Smith*, 500 F.3d 1206, 1212–13 (10th Cir. 2007). The record does not reflect, and Movant does not allege, any error that seriously affected the fairness, integrity, or public reputation of the proceedings. Movant has not met his burden in this respect, and the Court concludes that enforcement of the waiver does not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1327–29.

For the reasons above, the Court will enforce the Plea Agreement, including the agreed term of incarceration and the waiver of collateral review

3. *Dimaya* provides Movant no relief

Finally, even assuming that Movant's § 2255 Motion was timely and not blocked by his appellate waiver, the Court concludes that Movant is not entitled to relief. In *Dimaya*, the Supreme Court held that that the residual clause of the Immigration and Nationality Act, which defined "a crime of violence" as any felony offense that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," was unconstitutionally vague. *Dimaya*, 138 S. Ct. 14 1210–11. *Dimaya*, however, only directly applies to Immigration and Nationality Act cases, thus it does not afford Movant any relief. Even

so, the Court will liberally construe Movant's pro se motion and assume that his argument for relief extends to § 924(c). *See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998) (liberally construing pro se brief). Indeed, the Tenth Circuit, relying on *Dimaya* and the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 1204 (2015),[1] has held that the residual clause of the definition of "crimes of violence" under § 924(c) is unconstitutionally vague. *See United States v. Salas*, 889 F.3d 681 (10th Cir. 2018).

*Salas*, however, does not invalidate convictions under 18 U.S.C. § 924(c)(3)(A) ("elements clause"). Section 924(c)'s elements clause defines a crime of violence as any felony offense that "has an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The predicate "crime of violence" underpinning Movant's § 924(c) conviction was an assault with a dangerous weapon under § 113(a)(3), which this Court and the Tenth Circuit have held qualifies as a "crime of violence" under § 924(c)'s elements clause. *See Sarracino v. United States*, 2017 WL 3098262, at *8 (D.N.M. June 26, 2017), *report and recommendation adopted,* 2017 WL 3822741 (D.N.M. Aug. 30, 2017); *United States v. Muskett*, 2017 WL 3149357, at *10 (D.N.M. June 2, 2017); *United States v. Concho*, 724 F. App'x 685, 686 (10th Cir. 2018).

In *Concho*, the Tenth Circuit held that the defendant's "conviction for assault with a dangerous weapon . . . qualifies as a crime of violence under § 924(c)'s elements clause," while emphasizing that the elements clause "remains good law." 724 F. App'x at 686. The court reasoned that

---

[1] In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act defining a violent felony to include any felony that "involves conduct that presents a serious potential risk of physical injury to another" was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2255–57. The Supreme Court subsequently determined that *Johnson* had retroactive effect. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

> "[t]he elements differentiating assault with a dangerous weapon from simple assault are the use of a deadly weapon and the intent to commit bodily harm." *United States v. Bruce*, 458 F.3d 1157, 1164 n.4 (10th Cir. 2006) (quotation omitted). And as the Supreme Court has explained, "physical force is simply force exerted by and through concrete bodies, as opposed to intellectual force or emotional force." *United States v. Castleman*, ––– U.S. ––––, 134 S.Ct. 1405, 1414, 188 L.Ed.2d 426 (2014) (quotations omitted). We therefore reject Concho's argument that assault with a dangerous weapon cannot qualify as a crime of violence under the elements clause because it can be committed without direct physical contact. *See Brundage v. United States*, 365 F.2d 616, 619 (10th Cir. 1966) (noting that assault with a dangerous weapon must be "committed knowingly, that is with knowledge as to what the defendant was doing and with the desire or wish to bring about a serious bodily injury to the person of another"); *see also [United States v.] Ontiveros*, 875 F.3d [533,] 538 [(10th Cir. 2017)] (rejecting a similar argument in light of *Castleman*).

*Id.* The Court finds this reasoning persuasive and denies Movant's Motion because his conviction is based on 924(c)'s elements clause, "which remains good law" after *Salas*. *Id.* The Court will thus deny Movant's Motion.

   4. Certificate of appealability

Finally, the Court considers whether Movant is entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be taken from a "final order in a proceeding under section 2255" unless the petitioner first obtains a certificate of appealability). A certificate of appealability may issue only if Movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As discussed in this MEMORANDUM OPINION AND ORDER, the Court finds that Movant has failed to make the requisite showing of a denial of a constitutional right. Therefore, a certificate of appealability will not issue.

IT IS THEREFORE ORDERED THAT:

(1) Movant's AMENDED MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (CV Doc. 3; CR Doc. 57) is DENIED;

(2) A certificate of appealability is DENIED; and a final judgment will be entered by separate order.

_____
SENIOR UNITED STATES DISTRICT JUDGE